**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, | ) | CIVIL ACTION |
| Plaintiffs, | ) | NO. |
| v. | ) | |
| Quality Paving, Inc., an Illinois corporation; and Jean Reichel; an Individual, | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund ("REF") (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"), bring this action to collect contributions and dues from Defendants, Quality Paving, Inc. ("Quality Paving") and Jean Reichel, an Individual.

## COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS

### Facts Common to All Counts

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Quality Paving is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Dolton, Illinois.

3. In its corporate filings with the State of Illinois, Quality Paving identified Jean Reichel as President (Exhibit A).

4. On March 1, 1984, Quality Paving through Ronald Johnson signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement known as the Illinois Heavy and Highway and Underground MARBA Agreement ("MARBA CBA") (excerpts attached as Exhibit C).

5. On November 1, 1997, Quality Paving through Robert Leopardo signed a Memorandum of Agreement (attached as Exhibit D) with the Union that likewise adopted the terms of the CBA known as the Illinois Heavy and Highway and Underground MARBA Agreement (excerpts attached as Exhibit C).

6. On June 1, 2010, Quality Paving through Bob Leopardo signed a Memorandum of Agreement (attached as Exhibit E) with the Union that adopted the terms of a collective bargaining agreement known as the Four County Highway Contractors Group Agreement ("Four Counties CBA") (excerpts attached as Exhibit F).

7. The CBA and the Agreements and Declarations of Trust incorporated therein require Quality Paving to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

8. The CBA and Trust Agreements specifically require Quality Paving to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and

accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds;

(g) Pay the Funds a flat fee of $110 for each business day per fund that requested audit documents are not produced after 21 days from the demand for such documents.

9. The CBA also requires Quality Paving to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on Quality Paving with respect to CRF as it does the Funds.

10. The CBA further requires Quality Paving to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Quality Paving does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

11. In order to forestall the filing of another lawsuit, Quality Paving and Jean Reichel executed a Payment Plan Agreement ("Payment Plan") (Exhibit G). In that Payment Plan, Quality Paving agreed to make installment payments of the delinquent sums that it owed the

Funds, the Union, and CRF. Quality Paving and Jean Reichel further agreed to submit forthcoming monthly reports, contributions, and dues payments timely. Jean Reichel agreed to accept personal liability for any amounts owed by Quality Paving. Both consented to the entry of judgment against each of them in the event of breach of the Payment Plan.

12. Quality Paving has been delinquent in the submission of its reports and remains delinquent in the payment of contributions due to the Funds and CRF, and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

**Jurisdiction and Venue**

13. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute. Furthermore, Quality Paving stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit G).

14. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA 29 U.S.C. § 1132(e)(2) because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

15. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

16. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine

whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

17. Quality Paving has violated ERISA and breached the CBA and the Trust Agreements because it failed to timely submit its reports and has failed to pay the contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

18. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Quality Paving, there is a total of $173,693.15 known to be due the Funds from Quality Paving, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Quality Paving for all unpaid contributions as identified in Quality Paving's contribution reports;

B. Enjoin Quality Paving to perform specifically its obligations to the Funds, including the submission of future required reports and the payment of contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Quality Paving at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Quality Paving owes additional sums to the Funds, and pay the costs of such an audit;

D. Enter judgment against Quality Paving and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Quality Paving's cost.

## COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS

1-12. CRF re-alleges and incorporates herein by reference paragraphs 1 through 12 of Count I as if fully stated herein.

## Jurisdiction and Venue

13. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331. Furthermore, Quality Paving consented to the jurisdiction of this court in the Payment Plan.

14. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

## Allegations of Violations

15. Quality Paving failed to timely submit all required reports to CRF. Quality Paving has failed to make timely payment of all contributions acknowledged to be due according to Quality Paving's own contribution reports and the collective bargaining agreement, and Quality Paving has failed to pay interest and liquidated damages required by the CBA. Accordingly, Quality Paving is in breach of its obligations to the CRF under the CBA.

16. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Quality Paving, there is a total of $5,984.36 known to be due to CRF from Quality Paving subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Enter judgment in favor of CRF and against Quality Paving for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs;

B. Enjoin Quality Paving to perform specifically its obligations to CRF including the timely submission of future required reports and the payment of contributions as required by the plans and the CBA;

C. Award CRF such further relief as may be deemed just and equitable by the Court, all at Quality Paving's cost.

## COUNT III. SUIT TO COLLECT UNION DUES

1-12 The Union re-alleges and incorporates herein by reference paragraphs 1 through 12 of Count I as if fully stated herein.

### Jurisdiction and Venue

13. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185. Furthermore, Quality Paving stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit G).

14. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

15. Quality Paving failed to timely submit all of its dues reports to the Union. Quality Paving has failed to make timely payment of all dues acknowledged to be due according to Quality Paving's own reports and the collective bargaining agreement. Quality Paving is required to pay liquidated damages by the CBA. Accordingly, Quality Paving is in breach of its obligations to the Union under the CBA.

16. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Quality Paving, there is a total of $6,353.51 known to be due to the Union from Quality Paving before the assessment of fees and costs subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Enter judgment in favor of the Union and against Quality Paving for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs;

B. Enjoin Quality Paving to perform specifically its obligations to the Union including the timely submission of future reports and the timely payment of dues as required by the CBA;

C. Award the Union such further relief as may be deemed just and equitable by the Court, all at Quality Paving's cost.

## COUNT IV. SUIT FOR BREACH OF PAYMENT PLAN

1-12 The Funds re-allege and incorporate herein by reference paragraphs 1 through 11 of Count I as if fully stated herein.

### Jurisdiction and Venue

13. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension of the CBA. Furthermore, Quality Paving stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit G).

14. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and because the Payment Plan was partly executed and some of the performance took place in Cook County, Illinois.

### Allegations of Violations

15. Quality Paving has breached its obligations under the Payment Plan because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely. Quality Paving has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled and Quality Paving consented under the Payment Plan to the entry of judgment against Quality Paving for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan. Additionally, the Funds are entitled to interest as a consequence of entry of judgment.

16. That upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Quality Paving, there is a total of $186,031.02 known to be due the Funds, the Union, and CRF from Quality Paving, before the assessment of attorneys' fees and costs subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Quality Paving owes additional contributions and dues not yet identified by Quality Paving in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court enter judgment in favor of the Funds, the Union, and CRF for all unpaid contributions, dues, liquidated damages, interest, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the CBA and Trust Agreements.

## COUNT V. SUIT TO ENFORCE PERSONAL GUARANTEE

1-12. The Funds, the Union and CRF re-allege and incorporate herein by reference paragraphs 1 through 12 of Count I as if fully stated herein.

### Jurisdiction and Venue

13. This Court has jurisdiction over this claim because it is a suit by a labor organization that has its headquarters within this jurisdictional district. 29 U.S.C. § 185. This Court also has supplemental jurisdiction over this Count because it is a claim "so related…that [it] form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). Furthermore, Jean Reichel stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit G).

14. Venue is proper in this Court because the Court has jurisdiction over the parties. 29 U.S.C. § 185(a). Venue is also proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in Cook County, Illinois. 28 U.S.C. § 1391(b)(2).

## Allegations of Violations

15. Jean Reichel signed the Payment Plan agreement and agreed to be personally liable for the amounts owed to Funds, the Union, and CRF. Jean Reichel also consented to the entry of judgment against her in the event that Quality Paving breached the Payment Plan.

16. Quality Paving has breached its obligations under the Payment Plan because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely. Quality Paving has failed to pay liquidated damages and interest that has accrued, including post-judgment interest. As a result of such breaches, the Funds, the Union, and CRF are entitled under the Payment Plan to the entry of judgment against Jean Reichel for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan.

17. That upon careful review of all records, and after application of any and all partial payments made by Quality Paving, there is a total of $186,031.02 known to be due the Funds, the Union, and CRF from Jean Reichel, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Quality Paving owes additional contributions and dues not yet identified in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court enter judgment against Jean Reichel and in favor of the Funds, the Union, and CRF for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined.

Dated: September 1, 2026

Respectfully submitted,

By: /s/ Brad H. Russell
One of the Attorneys for Plaintiffs

Attorneys for the Funds and CRF:
Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph.: (708) 579-6669
Fx.: (708) 588-1647

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph.: (708) 579-6669
Fx.: (708) 588-1647